**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| GREGG A. TREFFINGER, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> STATE OF INDIANA, ) <br> ) <br> Defendant. ) | No. 1:06-cv-475-SEB-VSS |

**Entry Discussing Motion for Judgment on the Pleadings**

**I.**

Indiana's Eleventh Amendment immunity bars plaintiff Treffinger's claims pursuant to 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. *Board of Trustee of the University of Alabama v. Garrett,* 531 U.S. 356, 360 (2001)(Eleventh Amendment bars application of Title I of the ADA to the states and their instrumentalities); *Kimel v. Florida Board of Regents,* 528 U.S. 62, 90 (2000) (concluding "that the ADEA is not 'appropriate legislation' under § 5 of the Fourteenth Amendment," and that "the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid."). The defendant's unopposed motion for judgment on the pleadings must therefore be **granted as to those claims.**

**II.**

The motion for judgment on the pleadings is **also granted** as to Treffinger's claim pursuant to Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq. The reason for this ruling, though, is that the complaint fails to satisfy even the minimal notice pleading requirements of Rule 8(a) of the *Federal Rules of Civil Procedure.* Specifically, the complaint mentions Title VII, but fails to specify what form of discrimination occurred or the basis of the discrimination.

Unlike the picture with respect to his ADA and ADEA claims, however, Treffinger could resurrect his Title VII claim by setting forth sufficient information to give the adequate notice to the defendant and the court of the underlying basis of the claim. This shall be done in the form of a document to be entitled "Supplemental Statement Regarding Title VII Claim of Discrimination" and shall be filed not later than July 20, 2006.

### III.

No final judgment shall issue with respect to the rulings made in Parts I and II of this Entry. If the Supplemental Statement directed in Part II of this Entry is not filed, the entry of final judgment will be directed with those rulings. If the Supplemental Statement directed in Part II of this Entry is filed, the court will direct whatever further proceedings are warranted.

**IT IS SO ORDERED.**

Date: 07/05/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gregg A. Treffinger
6615 Gateshead Lane, Apt. 2D
Indianapolis, IN   46222

Cynthia B. De Nardi
INDIANA STATE ATTORNEY GENERAL
cynthia.denardi@atg.in.gov